UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KERRY STEPHEN WRIGHT,

    Plaintiff,

v.

ANDREW SAUL,

    Defendant.
_____/

Case No. 20-11228
Honorable Victoria A. Roberts

**<u>ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS [ECF No. 24];
(2) ADOPTING REPORT AND RECOMMENDATION [ECF No. 23];
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 17] AND;
(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 20]</u>**

**I.    INTRODUCTION**

On August 6, 2021, Magistrate Judge Kimberly Altman filed a Report and Recommendation ("R & R") [ECF No. 23], recommending that Plaintiff Kerry Wright's Motion for Summary Judgment [ECF No. 17] be DENIED and Defendant Andrew Saul's Motion for Summary Judgment [ECF No. 20] be GRANTED.  Wright objects to the R & R [ECF No. 24].

For the following reasons, the Court **OVERRULES** Plaintiff's objections [ECF No. 24] and **ADOPTS** Magistrate Judge Altman's R & R [ECF No. 23].

Defendant's Motion for Summary Judgment [ECF No. 20] is **GRANTED**; Plaintiffs Motion for Summary Judgment [ECF No. 17] is **DENIED**.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 72(b)(3), a district judge is required to determine *de novo* any part of a magistrate judge's report and recommendation that has been properly objected to. *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C).  This *de novo* review requires the Court to re-examine all relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015); 28 U.S.C. § 636(b)(1).

However, only specific objections which pinpoint a source of error in the report are entitled to de novo review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  General objections – or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error – have "the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Such objections are not valid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*,

No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id*.). Objections "that merely reiterate [] arguments previously presented, [without] identify[ing] alleged errors on the part of the magistrate judge" are also not valid. See *id*.

Wright makes twelve objections.

### A. Objections 1, 5, 6-7, and 11-12

Objections one, five, six, seven, eleven, and twelve are improper. Wright primarily reiterates earlier arguments, without identifying any error made by the Magistrate Judge. In the few places where he does not merely reiterate arguments previously presented, Wright only disagrees with the Magistrate Judge's determination, and does not explain the specific source of any error. Plaintiff's non-specific objections are invalid. *See Bellmore-Bryne*, WL 5219541, at *1.

After *de novo* review of the relevant evidence, the Court overrules Wright's first, fifth, sixth, seventh, eleventh and twelfth objections. The Court agrees with the Magistrate Judge's findings and conclusions.

### B. Objection Two

Wright says Magistrate Judge Altman erred in her analysis of listed impairments 1.04. To meet listing 1.04, Wright must show a disorder of the spine, "(e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal

stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord," with:

- A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting or supine); or

- B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or,

- C. Lumber spinal stenosis resulting in pseudoclaudication, established by findings of appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness and resulting in ability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R § Pt. 404, Subpt. P, App. 1 § 1.04.

He claims that the Magistrate Judge failed to analyze the medical equivalency of Wright's impairments (injuries to his lumbosacral and cervical spine, left hip, and right dominant shoulder) under the "totality of the lay and medical record" to decide whether the listed impairments were "equaled." Magistrate Judge Altman concluded that Wright did not provide evidence of limitation of motion of the spine, no sensory loss, and he admitted there was no record of positive straight leg raise testing.

4

Judge Altman cites to the three ways medical equivalency can be established and analyzes Wright's impairments under those standards. [ECF. No. 23, PageID.818]. She explained in her decision that the evidence of impairments to Wright's spine were discovered after he was found to be disabled, mooting part of his argument. [ECF No. 23, PageID.820]. She relied on the totality of the evidence to find that Wright failed to meet the medical equivalency requirements for listing 1.04. This includes evidence from Dr. Brasseur, who examined Wright. [ECF No. 23, PageID.819]. She concludes that Wright only showed that his impairments met some but not all the criteria for listing 1.04, and that he had not rebutted the ALJ's conclusion that his impairment "does not reach the severity" of 1.04. [ECF No. 23, PageID.820]. Substantial evidence supports her conclusion; objection two is overruled.

### C. Objection Three

Wright disagrees with the Magistrate Judge's adoption of the ALJ's classification of the severity of Wright's limitation in interacting with others as "moderate." [ECF No. 24, PageID.850].

As Defendant points out, the ALJ relied on evidence of successful social interactions in Wright's personal life and evidence of the problems he has getting along with friends and family, to find a moderate limitation in

interacting with others. This conclusion is supported by the opinion of Dr. DeLoach, who examined Wright's medical records and found moderate limitation. [ECF No. 23, PageID.822].

Wright also attempts to distinguish *Bowman v. Commissioner of Social Security*, 683 Fed.Appx. 725, 729 (6th Cir. 2017); *Thacker v. Soc. Sec. Admin.*, 93 Fed.Appx. 367, 372 (6th Cir. 2017); and *Charara v. Comm'r of Soc. Sec.*, No. 18-13481, 2018 WL 5603624, at *4 (E.D. Mich, Oct. 30, 2018). These decisions support a finding of moderate limitation when plaintiff demonstrated socially cooperative behavior, despite findings of self-seclusion and sad moods.

Wright's argument that his Global Assessment Functioning ("GAF") score places him in the severely impaired range is not relevant because the ALJ did not find the GAF test reliable. [ECF No. 13, PageID.66]. Wright's other attempts to distinguish *Bowman*, *Thacker* and *Charara* are improper because they invite the Court to reweigh evidence regarding the opinions of the consultative psychologist.

After *de novo* review of the relevant evidence, Wright's third objection is overruled.  The Court agrees with the Magistrate Judge's findings and conclusions.

### D. Objection Four

Wright claims that Magistrate Judge Altman does not analyze whether he equaled the criteria listed in paragraph B of listings 12.04 and 12.06, he believes this to be a reversible error. The Court disagrees. As Defendant points out, Wright failed to make a prima facie case to the district court regarding all the criteria in paragraph B of listings 12.04 and 12.06.  And most importantly, the ALJ's conclusion that Wright did not meet or medically equal the criteria listed in paragraph B is supported by substantial evidence. [See ECF No. 13, PageID.63] [citing Dr. DeLoach's opinion on Wright's cognitive abilities and Wright's testimony regarding the use of his cognitive abilities in his personal life].

Wright's fourth objection does not warrant remand or reversal.

### E. Objection Eight

Wright argues that the ALJ's mention of his medication non-compliance violates SSR 82-59. [ECF No. 24, PageID.65]. Notably, SSR 82-59 was rescinded October 19, 2018. The ALJ reached his decision on January 23, 2019, so SSR 82-59 has no bearing in this case.

Parties may not raise new arguments or issues at the district court stage that were not presented to the magistrate judge. *Murr v. United*

*States*, 200 F.3d 895, 902 (6th Cir. 2000). Wright waived this argument; he failed to present it to the magistrate judge.

The Court finds that Wright's eighth objection does not warrant remand or reversal.

### F. Objection Nine

Wright's ninth objection asserts that expert witnesses James Brasseur, Joseph DeLoach, and Twaide Langham were biased because they are employed by Disability Determination Services, a state agency that works in conjunction with the SSA. [ECF No. 24, PageID.858]. Wright says that DeLoach and Langham never examined Wright and did not review all the medical evidence before reporting on his conditions. He believes that DeLoach and Brasseur are "responsible for denying benefits to thousands of disabled and deserving SSI and SSD applicants over the past thirty years." [ECF No. 24, PageID.859].

As stated by the Magistrate Judge, this argument has no support in law. [ECF No. 23, PageID.829]. The presumption is strong that medical experts who provide opinions to agencies are impartial, and collateral impeachment of a medical expert requires a "strong showing of bias." *Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 6 (6th Cir. 2004) (quoting

*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

Wright simply disagrees with the Magistrate Judge's belief that these experts are impartial, but he points to no error on her part, nor does he substantiate his conclusion of strong bias. There is no indication that any of the expert's conclusions were based on anything other than medical evidence. The ALJ gave Langham's opinion no weight [ECF No. 13, PageID.65], and the fact that DeLoach had not reviewed all the medical evidence before rendering an opinion does not create error. As explained by Magistrate Judge Altman, "Wright fails to show how [DeLoach's] opinion is contradicted by later records or point to a medical opinion from a later date that conflicts with the opinion." [ECF No. 23, PageID.830]. The ALJ assigned some weight to DeLoach's opinion but his decision ultimately reflects the entire medical record from Wright's alleged onset date to the date of the decision. [*Id*].

Lastly, there is no evidence that Brasseur's opinion was based on anything other than his examination of Wright.

After *de novo* review of the relevant evidence, Plaintiff's ninth objection is overruled.  The Court agrees with the Magistrate Judge's findings and conclusion.

### G. Objection Ten

Wright's tenth objection disagrees with Magistrate Judge Altman's finding that "'Wright has not demonstrated that he would be off task more than 15% of the workday, or prior to June 17, 2018.'" [ECF No. 24, PageID.860] [citing ECF No. 23, PageID.833]. He cites by reference to eight pages of his motion for summary judgement which summarize medical evidence of work preclusive mental impairments before June 16, 2018, that he believes should have been incorporated into the ALJ's RFC determination. [See ECF No. 24, PageID.860] [citing ECF No. 17, PageID.716-724].

After *de novo* review of the relevant evidence. Plaintiff's tenth objection is overruled. The Court agrees with the Magistrate Judge's findings and conclusion. Her conclusion is supported by (1) evidence regarding Wright's ability to concentrate, persist and maintain pace, and (2) vocational expert testimony. Substantial evidence supports the ALJ's conclusion.

### III.   CONCLUSION

The Court **OVERRULES** Plaintiff's objections [ECF No. 24] and **ADOPTS** Magistrate Judge Altman's R & R [ECF No. 23]. In all instances,

the Magistrate Judge accurately laid out the facts; considered the record as a whole; and her conclusions are well supported.

Defendant's Motion for Summary Judgment [ECF No. 20] is **GRANTED**; Plaintiffs Motion for Summary Judgment [ECF No. 17] is **DENIED**.

Judgment will enter in favor of Defendant.

**IT IS ORDERED**.

S/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  September 23, 2021